# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS, INDIANA

| | |
|---|---|
| TUESDAY INGRAM ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:23-cv-00632 |
| ) | |
| FREEDOM MORTGAGE, INC ) | |
| Defendant, ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

## JURISDICTION

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e., Section 1981, Americans with Disability Act 42 U.S.C. ch. 126 § 12101 et seq.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on January 13, 2023.

## PARTIES

3. Plaintiff is disabled female and at all relevant times she resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## FACTS

5. Plaintiff began working for the Defendant in January 2020 as the SPOC Single Point of Contact.

6. Plaintiff performed her job well.

7. In early January 2022, Plaintiff requested FMLA due to a serious health condition.

8. Plaintiff received intermittent FMLA leave.

9. In late January 2022, Plaintiff requested continuous FMLA to take care of her child.

10. Defendant informed Plaintiff that they never received her documentation.

11. Defendant informed Plaintiff that she could take a leave of absence because they did not receive her documentation for continuous FMLA. However, Plaintiff did submit all of the required documentation.

12. Plaintiff accepted Defendant's proposal for a leave of absence.

13. Plaintiff was on a leave of absence from January 2022 to October 2022.

14. In September 2022, Plaintiff informed Defendant that she was ready to return to work and she informed Defendant's HR that she was scared to return because she thought Defendant may terminate her once she returned.

15. In September 2022, Plaintiff requested to return to work on a part time basis as a reason able accommodation due to her disability.

16. In September 2022, Defendant accepted Plaintiff's request to return to work on a part time basis due to her disability.

17. On October 1, 2022, Plaintiff returned to work.

18. On October 6, 2022, Defendant informed Plaintiff she was a no-call, no-show and that she was using FMLA.

19. Plaintiff informed Defendant that this was not true; she was at work on the days they had marked her absent and she was not using FMLA.

20. During this meeting, Plaintiff's manager informed her that she was not approved for part-time and that if she continues to work part-time hours she will be written up due to her attendance.

21. Plaintiff was not paid for the first two weeks she worked during October.

22. Plaintiff was not paid her correct amount during the next two weeks of October.

23. Plaintiff constantly communicated to Defendant regarding her pay and working, however, no one spoke to Plaintiff nor contacted her.

24. In mid-November 2022, two of Defendant's HR representatives contacted Plaintiff and asked Plaintiff if she was going to quit.

25. Plaintiff informed Defendant that she did not want to quit.

26. In January 2023, Plaintiff requested new equipment.

27. Plaintiff received her equipment; however, she was never trained on Defendant's new systems.

28. Defendant's manager refused to train her on the new systems and marked her as a no-call, no-show.

29. February 6, 2023, Defendant informed Plaintiff that she resigned, however, Plaintiff never resigned.

30. On February 8, 2023, Defendant informed Plaintiff she was terminated.

31. Defendant never gave Plaintiff a reason for the termination.

32. Defendant failed to accommodate Plaintiff.

33. Defendant failed to engage in the interactive process.

34. Plaintiff was terminated due to her disability.

35. Plaintiff was terminated due to her race.

36. Plaintiff was terminated due to her gender.

37. Plaintiff was terminated due to engaging in protected activity.

38. Defendant interfered with Plaintiff's FMLA.

39. Defendant retaliated against Plaintiff for requesting FMLA.

## COUNT I

40. Plaintiff incorporates by reference paragraphs 1-39.

41. Defendant, as a result of terminating Plaintiff due to her gender, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT II

42. Plaintiff incorporates by reference paragraphs 1-39.

43. Defendant, as a result of terminating Plaintiff due to Plaintiff engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

44. Plaintiff incorporates by reference paragraphs 1-39.

45. Defendant, as a result of terminating Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT IV

46. Plaintiff incorporates by reference paragraphs 1-39.

47. Defendant, as a result of terminating Plaintiff due to her race, violated Section 1981.

## COUNT V

48. Plaintiff incorporates by reference paragraphs 1-39.

49. Defendant, as a result of terminating Plaintiff due to Plaintiff engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT VI

50. Plaintiff incorporates by reference paragraphs 1-39.

51. Defendant, as a result of terminating Plaintiff due to her disability, violated Americans with Disability Act 42 U.S.C. ch. 126 § 12101 et seq.

## COUNT VII

52. Plaintiff incorporates by reference paragraphs 1-39.

53. Defendant, as a result of failing to engage in the interactive process due to her disability, violated Americans with Disability Act 42 U.S.C. ch. 126 § 12101 et seq.

## COUNT VIII

54. Plaintiff incorporates by reference paragraphs 1-39.

55. Defendant, as a result of failing to accommodate Plaintiff, violated Americans with Disability Act 42 U.S.C. ch. 126 § 12101 et seq.

## COUNT VIIII

56. Plaintiff incorporates by reference paragraphs 1-39.

57. Defendant, as a result of interfering with Plaintiff's FMLA rights, violated Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

## COUNT X

58. Plaintiff incorporates by reference paragraphs 1 -39.

59. Defendant, as a result of retaliating against Plaintiff, violated Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

## COUNT XI

60. Plaintiff incorporates by reference paragraphs 1-39.

61. Defendant, as a result of failing to pay Plaintiff, violated the Fair Labor Standards Act of 1938 29 U.S.C. § 203.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff his cost in this action and reasonable attorney fees;

F. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

Amber K. Boyd 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416